**UNITED STATES of America, Plaintiff,**

v.

**Earl P. GREENWOOD, Defendant.**

**No. 18423.**

United States District Court
W. D. Missouri, Western Division.

July 30, 1954.

### Order

Now on this day, plaintiff appearing by Assistant United States Attorney O. J. Taylor, and defendant appearing in person and by William Burrell, Esquire, counsel for defendant, appointed by the Court, there is submitted to the Court motion of the United States Attorney praying for a determination of mental competency of defendant to stand trial on the charges presently pending against him. Subsequent to the filing of the above motion by the United States Attorney, the Court appointed two qualified Psychiatrists to examine into the mental condition of defendant, as provided in Section 4244, Title 18 U.S.C.A. In addition thereto, the Court ordered defendant committed to the custody of the Warden of the Medical Center for Federal Pris-

oners at Springfield, Missouri, for further examination by Psychiatrists of that institution as to the mental condition of defendant.

There is presently adduced before the Court the testimony of the two Psychiatrists above referred to, as well as that of the Medical Director and Chief of the Psychiatric Service of the Medical Center. The Court having heard and received the testimony of said Psychiatrists, together with their reports of their examination of the mental competency of the defendant, the Court makes the following findings of fact, as provided in Section 4246, Title 18 U.S.C.A.

(1)

Accused herein is presently insane and so mentally incompetent that he cannot stand trial on the criminal charges pending against him in this Court.

(2)

If released, accused probably will endanger the safety of officers, the property, or the other interests of the United States.

(3)

No suitable arrangements for the custody and care of accused, other than that which may be provided by commitment of accused to the custody of the Attorney General of the United States, are presently available.

As a consequence of the foregoing findings so made by the Court, defendant is now ordered committed to the custody of the Attorney General of the United States, or his duly authorized agents: (1) until the sanity or mental competency of the defendant shall be restored; (2) until the mental condition of the defendant is so improved that if he is released he will not endanger the safety of the officers, the property, or other interests of the United States; or, (3) until suitable arrangements can be made for the custody and care of the defendant by the State of Ohio, the State of the accused's residence.

It is further ordered that defendant remain in the custody of the Attorney General of the United States until whichever event above stated shall first occur.

## Opinion

The indictment in two counts returned against defendant, charging armed robbery of a United States Post Office and jeopardizing the life of a postal clerk, was filed in this Court on November 20, 1952. Thereafter, in accordance with Rule 20, Federal Rules of Criminal Procedure, 18 U.S.C.A., defendant sought to have said charge transferred to the United States District Court for the Northern District of Ohio. Transfer papers were executed and lodged in Court accordingly. When defendant appeared before the United States District Court for the Northern District of Ohio, and before being required to plead to said charge, the psychiatric examination of defendant was ordered by that Court, at the suggestion of the United States Attorney for the Northern District of Ohio. After such examination and report thereon made to that Court, a hearing was held on the issue of mental incompetency of defendant to enter a plea. After hearing, the Court found defendant to be mentally incompetent to enter any such plea, and remanded defendant and the charge pending against him to this Court for disposition.

On February 15, 1953, defendant appeared before Judge Reeves, Retired, on the charge pending against him. From statements made to the Court concerning the mental condition of defendant, Judge Reeves ordered that he be delivered "into the custody of the authorities of the United States Medical Center for Federal Prisoners at Springfield, Missouri, and that an examination be conducted by the medical authorities of said institution for the purpose of ascertaining the mental condition of the defendant," and report thereon to the Court.

On April 15, 1953, a copy of the report so ordered was lodged with this Court. It was the opinion of the examiner, (Chief of the Psychiatric Service of the

Medical Center) that defendant "is legally insane. Although he correctly verbalizes the difference between right and wrong, he is unable to properly choose between, because he is motivated by insane delusions. In addition, his delusional thinking renders him unable to properly understand the nature of the charges pending against him and his mental confusion and depression interfere with his ability to cooperate with counsel in his defense."

Thereafter, defendant remained in the custody of the Warden of the United States Medical Center for Federal Prisoners at Springfield, Missouri, until May, 1954, at which time defendant was transferred from the Medical Center for Federal Prisoners at Springfield, Missouri, to the custody of authorities of the State of Ohio, in compliance with an order of this Court made under date of February 2, 1952.

On January 26, 1954, the Neuropsychiatric Staff of the Medical Center for Federal Prisoners at Springfield, Missouri, unanimously agreed that defendant "remains psychotic and incompetent." The Staff also agreed that defendant's mental illness "is chronic, of long-standing and that the prognosis for recovery is poor."

After defendant was lodged in the custody of the authorities of the State of Ohio, he apparently was, in the opinion of such authorities, sane, and released from further custody by said State. The charge originally made against defendant remaining pending in this Court, a praecipe for warrant was filed in this cause by the United States Attorney, and alias warrant was issued and served on defendant, and he was returned to the jurisdiction of this Court pursuant to the indictment originally returned against him.

Thereafter, on June 18, 1954, "Motion for Appointment of Qualified Phychiatrists and for Hearing as to Defendant's Mental Competency" was filed by counsel appointed by the Court to represent defendant in these proceedings. It was pursuant thereto that the two Psychiatrists heretofore mentioned were appointed by this Court. In the opinion of the two Psychiatrists so appointed by the Court, defendant, after examination, was believed to be sane, and report by said Psychiatrists was so made to the Court. Thereafter, a hearing was held regarding that issue, at which the Psychiatrists gave testimony, as did the Chief of the Psychiatric Service of the Medical Center for Federal Prisoners at Springfield, Missouri. In addition thereto, a report of the Neuropsychiatric Staff of the Medical Center, under date of July 8, 1954, was received in evidence. The conclusion of the Chief of Psychiatric Service, as well as that of the other members of the Neuropsychiatric Staff, was that defendant remained "legally insane by reason of a major mental disorder which would prevent him from having a proper understanding of the proceeding pending against him and which also impairs his ability to properly assist in his own defense. They are further agreed that this subject's prognosis for recovery appears to be poor and that he will probably require "indefinite hospitalization to insure his own safety and that of society. The staff does not consider the subject to be potentially dangerous except to the extent that if released he might persist in engaging in criminal activities similar to those with which he is presently charged."

The entire file, together with all reports relating to the mental competency of the defendant, is made a part hereof.

■■ It is upon the facts aforesaid that the order of commitment first above made is premised. From such facts and defendant's appearance in open Court, it clearly appears to this Court that defendant is presently insane and mentally incompetent to stand trial on the charges pending against him. There is no other recourse available to the Court than to enter a commitment herein, as above made.