Darrell E. ROYAL, Petitioner,

v.

Dr. R. O. SETTLE, Warden, United States Medical Center, Springfield, Missouri, Respondent.

No. 12068.

United States District Court
W. D. Missouri, W. D.
June 8, 1959.

Darrell E. Royal, petitioner, pro se, for petitioner.

Edward L. Scheufler, U. S. Atty., Clark A. Ridpath, Asst. U. S. Atty., Kansas, City, Mo., for respondent.

RIDGE, Chief Judge.

On March 29, 1956, petitioner, after hearing in the United States District Court for the District · of Kansas, was found to be:

"＊ ＊ ＊ presently insane and otherwise so mentally incompetent as to be unable to understand the proceedings against him and to be unable properly to assist in his own defense.

"That the defendant (was) in need of psychiatric treatment and that his release would endanger the safety of the officers, the property and other interests of the United States.

"That the defendant, Darrell Eugene Royal, should be kept in a mental institution where he can receive psychiatric treatment."

As a consequence of such finding, the Court committed petitioner:

"＊ ＊ ＊ to the custody of the Attorney General or his authorized representative until the said Darrell Eugene Royal shall be mentally competent to stand trial or until the pending charges against him are disposed of according to law."

The commitment of petitioner as aforesaid, made pursuant to Section 4246, Title 18 U.S.C., was one of a temporary character. From the several pleadings on file in this cause, and particularly the several responses of respondent to orders to show cause, it appears that in the opinion of the Neuro-Psychiatric Staff of the United States Medical Center for Federal Prisoners, at Springfield, Missouri, petitioner:

"＊ ＊ ＊ is afflicted with chronic schizophrenia; that in view of the fact that he has failed to recover after three years of treatment at this institution the conclusion is justified that he is not likely to recover in the foreseeable future; that he continues to be dangerous to others, although not specifically dangerous to the officers, the property or other interests of the United States Government."

In view of the findings so made, on December 18, 1958, it was the recommendation of the Neuro-Psychiatric Staff, supra, that petitioner be returned:

"＊ ＊ ＊ to the committing court so that the court may conduct a hearing as provided in Section 4247, Title 18, U.S.C.A. to determine whether or not the charges against him should remain pending and whether or not a commitment under Section 4247 to the custody of the Attorney General and/or a disposition of such charges as provided in Section 4248 should be made."

On January 23, 1959, in considering a supplemental application for writ of habeas corpus filed by this petitioner that he be forthwith returned to his committing court, this Court recognized that it took a reasonable period of time for respondent and the Director of the Bureau of Prisons to administratively process the recommendation so made by the Neuro-Psychiatric Staff of the Medical Center, supra, and his then request was denied, with leave given to petitioner, if he was not returned to his committing court within a reasonable period of time thereafter, that he might make further application to this Court for such relief as might be proper under the law.

Another supplemental application of petitioner for writ of habeas corpus was filed herein on May 16, 1959. In that petition he alleges that he is mentally

incompetent to stand trial on the charges pending against him, and that any recovery from such condition is unlikely; that such allegation is confirmed in the Special Progress Report by the Neuro-Psychiatric Staff at the Medical Center for Federal Prisoners, dated December 18, 1958, supra; and that it now appears that a reasonable period of time has expired for petitioner to be returned to his committing court for further proceedings in light of such matters.

Under date of May 22, 1959, respondent, in compliance with order to show cause made herein, reports to this Court that "petitioner presently remains in the custody of respondent and has been continuously confined in the Medical Center since his arrival at that institution on April 4, 1956."

█ The procedure provided by Chapter 313, Title 18 U.S.C. respecting mental defectives, contemplates that after arrest and before trial a temporary commitment may be made of a mental defective under Sections 4244 and 4246 of said Chapter, for such reasonable period as the Court may deem necessary to determine whether an accused is "mentally competent to stand trial or until the pending charges against him are disposed of according to law." Such commitment is one of a temporary character. If, after such temporary commitment, it is found that accused is insane or so mentally incompetent that he will not be able to stand trial on the charges pending against him, then seemingly another hearing should be held in the committing court to determine whether the pending charges against such an accused should be further prosecuted, or whether the accused is so "insane or mentally incompetent * * * that if released he will probably endanger the safety of the officers, the property, or other interests of the United States, and that suitable arrangements for the custody and care of the prisoner are not otherwise available." Section 4247, Title 18 U.S.C.

At such hearing, if the Court should make a finding to the latter effect, then a commitment may be made of the accused as provided in Section 4248, Title 18 U.S.C. Such a:

"* * * commitment shall run until the sanity or mental competency of the (accused) shall be restored or until the mental condition of the (accused) is so improved that if he be released he will not endanger the safety of the officers, the property, or other interests of the United States, or until suitable arrangements have been made for the custody and care of the prisoner by the State of his residence, *whichever event shall first occur.*"

The procedure in respect to that situation was considered by this Court, in United States v. Greenwood, 125 F.Supp. 777, and commitment made accordingly, which was sustained by the Eighth Circuit Court of Appeals, in Greenwood v. United States, 219 F.2d 376, and by the Supreme Court of the United States, in United States v. Greenwood, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412.

██ From the provisions of Chapter 313, supra, and the above-cited opinions, we think it necessary that if petitioner is to be further detained in the custody of respondent because of charges pending against him, he should be returned to his committing court for a further hearing and determination pursuant to the procedure followed in the Greenwood case. A judgment of commitment must be strictly construed. Seemingly, the present judgment of commitment of petitioner to the custody of the Attorney General and his confinement in the Medical Center is not sufficient upon which a determination may be made as to an express length of time for his commitment in the Medical Center. That apparently is the interpretation given to the present commitment of petitioner, by respondent and the Neuro-Psychiatric Staff of the Medical Center for Federal Prisoners, at Springfield, Missouri, and this Court is in agreement with that interpretation thereof, namely, that said commitment is only a temporary one and petitioner cannot be detained thereunder for an unreasonable indefinite period of time.

(cf.) Greenwood v. United States, 8 Cir., 219 F.2d 376.

Therefore, it is ordered by the court that petitioner be now returned to his committing court for further proceedings as may be deemed proper by that Court, in light of the charges pending against petitioner, and the provisions of Chapter 313 of the Code, supra. The respondent is directed to release petitioner from his custody to the United States Marshal for this District. Said Marshal is directed to deliver petitioner with all due dispatch to the custody of the United States Marshal for the District of Kansas, at a time and place suitable for such delivery, within the jurisdiction of the United States District Court for the District of Kansas.

It is so ordered.