**Willard J. MARTIN, Petitioner,**

**v.**

**Dr. R. O. SETTLE, Warden, United States Medical Center, Spring-field, Missouri, Respondent.**

**No. 13141.**

United States District Court
W. D. Missouri, W. D.
March 21, 1961.

**157**

Court in his absence (though he was represented by counsel) wherein he was found to fall within the purview of Section 4246. Petitioner says that he was notified of the Section 4246 commitment by mail. Petitioner relates that subsequent examinations made during his confinement at the Medical Center show that he is permanently insane, that he will never be able to assist in his own defense and that the staff at the Medical Center recommends that he be transferred for hospitalization to Louisiana, his state of residence, Louisiana authorities being willing to receive him. Petitioner contends that his lengthy confinement violates his right to speedy trial and that the Federal Government does not have constitutional power to confine persons permanently insane.

Petitioner was given leave to proceed in *forma pauperis,* and respondent was directed to show cause why writ of habeas corpus should not issue.

From the response filed, it appears that petitioner was committed to the custody of the Attorney General on August 9, 1956, for the purpose of examination under Section 4244 to determine his mental competency to stand trial on charges of bank burglary. On September 18, 1956, and October 9, 1956, reports were filed by the examining staff at the Medical Center. In substance, they stated that the accused was mentally ill and incompetent, and that he could not understand the charges filed against him nor assist in his own defense. The "hearing" under Section 4246 occurred on October 17, 1956. Petitioner was represented by counsel, but there is no indication that he was present. The resulting order in pertinent parts states:

> "* * * the defendant is mentally incompetent to stand trial, * * *, and further,
>
> "It Is Ordered that the defendant be committed to the Attorney General or his authorized representative until the defendant shall be mentally competent to stand trial or until the charges against him are disposed of according to law."

Willard J. Martin, pro se.

Horace Warren Kimbrell, Asst. U. S. Atty., Kansas City, Mo., for respondent.

R. JASPER SMITH, District Judge.

In this habeas corpus application petitioner states that he has been confined at the United States Medical Center at Springfield, Missouri, since August 11, 1956, under the provisions of "Sections 4244 et. siq." (sic), Title 18 U.S.C.A. As nearly as can be determined, petitioner alleges that he was sent to the Medical Center for examination and observation under Section 4244, and that after about six months a report by the examining staff at the Medical Center was sent to the committing court, the United States District Court for the Eastern District of Louisiana, New Orleans Division. After receipt of the report, petitioner asserts that a hearing was held by that

Recurring examinations of petitioner during the period of confinement continue to find petitioner incompetent to stand trial.

Respondent advises that efforts have been made to arrange hospitalization for petitioner in his state of residence under the provisions of Section 4248, but that those efforts are frustrated because petitioner is sought by state authorities for alleged criminal activities in Mississippi, Texas, Kansas, and Louisiana.

Petitioner contends in effect that Section 4246 does not authorize permanent confinement, but that if an accused continues to be unable to assist in his defense or if the charges pending against him are not disposed of according to law, recourse must be had to the last sentence of Section 4246, which in turn refers the committing court to the insanity test found in Section 4247 and commitment provisions of Section 4248.

■ This is not an issue of first impression in this District. Because of the location of the Medical Center here, Sections 4244 to 4248, with all their deficiencies, have been before us many times. For discussion of the issue raised, see among many others, the views of our Chief Judge Ridge in Johnson v. Settle, D.C.W.D.Mo.1960, 184 F.Supp. 103; Royal v. Settle, D.C.W.D.Mo., 1959, 192 F.Supp. 176; Craig v. Steele, D.C.W.D. Mo.1954, 123 F.Supp. 153; Higgins v. McGrath, D.C.W.D.Mo.1951, 98 F.Supp. 670. He ruled, in announcing the views of this District, that if the accused continues to be unable mentally to stand trial under Section 4246, a subsequent hearing should be had by the committing court for confinement under the provisions of Sections 4246, 4247, 4248. Judge Ridge's views are succinctly set out in the Royal case at page 178 of that decision:

"The procedure provided by Chapter 313, Title 18 U.S.C., respecting mental defectives, contemplates that after arrest and before trial a temporary commitment may be made of a mental defective under Sections 4244 and 4246 of said Chapter, for such reasonable period as the Court may deem necessary to determine whether an accused is 'mentally competent to stand trial or until the pending charges against him are disposed of according to law.' Such commitment is one of a temporary character. If, after such temporary commitment, it is found that accused is insane or so mentally incompetent that he will not be able to stand trial on the charges pending against him, then seemingly another hearing should be held in the committing court to determine whether the pending charges against such an accused should be further prosecuted, or whether the accused is so 'insane or mentally incompetent * * * that if released he will probably endanger the safety of the officers, the property, or other interests of the United States, and that suitable arrangements for the custody and care of the prisoner are not otherwise available.' Section 4247, Title 18 U.S.C.

"At such hearing, if the Court should make a finding to the latter effect, then a commitment may be made of the accused as provided in Section 4248, Title 18 U.S.C. * * *.

"The procedure in respect to that situation was considered by this Court, in United States v. Greenwood, 125 F.Supp. 777, and commitment made accordingly, which was sustained by * * * the Supreme Court of the United States, in United States v. Greenwood, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412."

All judges of this District are in accord. While Greenwood v. United States, 1956, 350 U.S. 366, 76 S.Ct. 410, apparently infers that the legislative scheme of Sections 4244–4248 contemplates indefinite incarceration of a permanently insane accused, neither a permanent confinement, nor even one of long duration, as in the case here, can be made under an order committing a defendant until such time as he is competent to stand trial.

Rather, when the accused's incompetency continues beyond a reasonable time, the accused should be transferred to state authorities or at least be given the benefit of the commitment provisions of Section 4248. The history of the Act buttresses this conclusion. A Committee of the Judicial Conference of the United States, in a report dated July 30, 1945, in explaining the basis of the legislation in question, made this significant statement:

> "If the accused's mental disability appears not to be a transitory condition, but in all likelihood he will, because of his insanity, never be brought to trial, it would seem that as a general rule the federal government should not assume responsibility for his hospitalization merely because he has been accused (but not convicted) of a federal crime. Normally such a person should be turned over to the state of his domicile to be confined in a state mental hospital if hospitalization is called for."

Petitioner's contention that his lack of attendance at the commitment hearing violated due process is of course well taken. See Rule 43, F.R.Cr.P., 18 U.S.C.A.

Furthermore, the plain language of Section 4244 demonstrates that the hearing is to be adversary in nature. Sections 4244 and 4246, as those provisions are interrelated, contemplate a full hearing for an accused at which he has a right to be present. The committing court has the power of determination of the accused's incompetency, and that duty cannot be discharged with the accused *in absentia*. See Gunther v. United States, 1954, 94 U.S.App.D.C. 243, 215 F.2d 493, 496.

Petitioner challenges the constitutionality of Section 4246 as it concerns permanently insane persons. There is no *specific* finding as to the permanency of petitioner's insanity. True, the record is replete with evaluations to the effect that the accused will never be competent to stand trial; the original diagnosis of the accused in which his mental disease is characterized as chronic has not been altered within the almost five year period of confinement. Nevertheless the issue as to constitutionality of petitioner's incarceration is not ripe for ruling at this time. It can better be decided by the committing court in the course of its inquiry as to whether petitioner comes within the provisions of Sections 4246, 4247, and 4248.

In accordance with these views, it is ordered that petitioner be returned to his committing court for such further proceedings as may be deemed proper by that Court, and in the light of the provisions of Sections 4246, 4247, and 4248, Title 18 U.S.C.A. Respondent is directed to release petitioner from his custody to the United States Marshal. The Marshal is directed to deliver petitioner with dispatch to the United States District Court for the Eastern District of Louisiana.

It is so ordered.