**Russell Aimes DRENDEL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 26237.**

United States Court of Appeals
Fifth Circuit.

Nov. 12, 1968.

**56**

---

Russell Aimes Drendel, in pro per.

Louis LaCour, U. S. Atty., Horace P. Rowley, III, Asst. U. S. Atty., New Orleans, La., for appellee.

Before WISDOM, GEWIN, and COLEMAN, Circuit Judges.

PER CURIAM:

Russell Aimes Drendel, the appellant, is under indictment for bank robbery, and is presently a patient at the Medical Center for Federal Prisoners at Springfield, Missouri. He was committed to that institution September 14, 1966, under the provisions of 18 U.S.C. § 4246, upon adjudication that he was incompetent to stand trial.

On January 23, 1968, the appellant petitioned the District Court for a hearing to determine whether he is permanently incompetent to stand trial, since he desires to qualify for institutionalization in a state mental hospital as can be authorized under the provisions of 18 U.S.C. §§ 4246–4248. See Martin v. Settle, D.C.W.D.Mo. 1961, 192 F.Supp. 156; Royal v. Settle, D.C.W.D.Mo. 1959, 192 F.Supp. 176:

The District Court denied relief on the grounds that the petition was premature. The court below observed that the psychiatric staff of the hospital had not up to that time recommended a § 4248 hearing. The court stated in the order denying relief that the Director of the Medical Center has advised that, in the absence of exceptional circumstances, such a hearing is not recommended until at least eighteen months have elapsed under the § 4246 commitment, in order to give the psychiatric staff sufficient opportunity to observe the patient.

The Director advised the District Court that reevaluation of the appellant's condition was due in March, 1968, and that in the report based thereupon the staff would make appropriate recommendations to the court. The District Court stated in the order denying relief on grounds of prematurity that "[w]hen such report has been received the Court will make the disposition warranted."

We find no error in the judgment of the District Court which accordingly is affirmed.

Affirmed.