**Jess C. COOK, Petitioner,**

v.

**Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.**

No. 18196–4.

United States District Court,
W. D. Missouri, W. D.
May 19, 1970.

Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for respondent.

## MEMORANDUM AND ORDER DIRECTING THE RETURN OF THE PETITIONER TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

ELMO B. HUNTER, District Judge.

Petitioner is presently an unconvicted inmate of the United States Medical Center for Federal Prisoners at Springfield, Missouri. He has filed in forma pauperis a petition for writ of federal habeas corpus alleging certain conditions which relate to his present confinement at the Medical Center. Leave to proceed in forma pauperis was granted by the Court in an order entered April 13, 1970.

On April 8, 1968, petitioner was arraigned before the United States District Court for the Eastern District of California upon an indictment charging him with a violation of 18 U.S.C. § 2312 (Dyer Act). Shortly thereafter, upon the motion of his counsel, petitioner was committed to the custody of the Attorney General for psychiatric examination under the provisions of 18 U.S.C. § 4244 to determine petitioner's competency to understand the proceedings against him and to properly assist in his own defense. On September 20, 1968, following the recommendations of the psychiatric staff of the federal facility at Terminal Island, California and a hearing upon his competency, petitioner was determined incompetent to stand trial and was committed to the Medical Center under the provisions of 18 U.S.C. § 4246. Petitioner has been confined in the Medical Center since that date.

In the present proceeding, it is petitioner's contention that his prolonged commitment to the Medical Center without treatment is a denial of his constitutional right to due process of law; that such confinement violates his constitutional right to speedy trial; that his confinement with convicted persons constitutes cruel and unusual punishment in violation of his constitutional rights; that he is forced to work by the threat of solitary confinement; and that his right to equal protection of the law is violated by his lengthy confinement without trial.

In response to this Court's order to show cause, respondent states that although petitioner's present confinement is constitutional, petitioner should be returned to his committing court for further proceedings in accordance with 18 U.S.C. §§ 4247 and 4248.

■ The provisions of 18 U.S.C. § 4246 provide that a district court *may* commit an accused until the accused be mentally competent to stand trial or until the pending charges against him are disposed of according to law. This language while general is subject to constitutional limitations. See: United States v. Jackson, 306 F.Supp. 4 (N.D. Cal.1969). Furthermore, a commitment under that statutory section is to be temporary in nature. Royal v. Settle, 192 F.Supp. 176 (W.D.Mo.1959). And there is no statutory authority presently existing for federal commitments for insanity. See: Martin v. Settle, 192 F. Supp. 156 (W.D.Mo.1961).

■ In explaining the basis of 18 U.S.C. §§ 4244–4248, the Judicial Conference of the United States stated in a report dated July 30, 1945:

"If the accused's mental disability appears not to be a transitory condition, but in all likelihood he will, because of insanity, never be brought to trial, it would seem that as a general rule the federal government should not assume responsibility for his hospitalization merely because he has been accused (but not convicted) of a federal crime. *Normally such a person should be turned over to the state of his domicile to be confined in a state hospital if hospitalization is called for.*" (Emphasis added) See also: Martin v. Settle, supra; Craig v. Steele, 123 F. Supp. 153 (W.D.Mo.1954); and Higgins v. McGrath, 98 F.Supp. 670 (W. D.Mo.1951).

Thus, where an unconvicted person is confined in federal custody under 18 U.S. C. § 4244 or § 4246, and it is clear that his lack of competency to stand trial is permanent, or in view of the totality of the circumstances such incompetency and resultant confinement has existed for an unreasonable period of time and is not likely to immediately change to permit his trial, such person should be ultimately transferred to the appropriate state authorities for adequate control and treatment. In the event that state authorities will not accept the accused, consideration must be given to his outright release from federal custody. United States v. Jackson, supra. Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time.

■ In the present case, the Court files indicate that petitioner has been in federal confinement for approximately twenty-five months, a period which is well beyond the usual time needed for proper psychiatric evaluation. See: Drendel v. United States, 403 F.2d 55 (5th Cir. 1968). Furthermore, the records filed by the respondent indicate that the members of the psychiatric staff of the Medical Center have repeatedly recommended further proceedings under the provisions of 18 U.S.C. § 4248 and petitioner's transfer to an appropriate state hospital for adequate treatment. In light of those circumstances, the petitioner is entitled to a present consideration for processing under 18 U.S.C. §§ 4247 and 4248.

Accordingly, the respondent is hereby ordered to return the petitioner to the United States District Court for the Eastern District of California within 10 days of this date. Furthermore, respondent is directed to advise the Court when petitioner's transfer has been accomplished. In any event, respondent is directed to advise the Court in this matter within 15 days of this date.

It is so ordered.