Henry BROWN, Appellant,

v.

Dr. Donald B. PETERSON, Superintendent, State Hospital No. 1, Fulton, Missouri, Appellee.

No. 20139.

United States Court of Appeals, Eighth Circuit.

Aug. 12, 1970.

Rehearing Denied Sept. 22, 1970.

**586**

Joseph Langworthy, Pacific, Mo., for appellant.

Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for appellee; John C. Danforth, Atty. Gen., Jefferson City, Mo., on the brief.

Before VOGEL, HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

The petitioner, Henry Brown, appeals from a decision of the United States District Court for the Western District of Missouri denying his petition for a writ of habeas corpus on the grounds that the petitioner had failed to exhaust his state remedies.

The appeal raised important questions concerning (1) the right of the state to confine an accused to a state mental hospital for an indefinite period of time on the sole grounds that he was incompetent to stand trial, and (2) the right of the state to refuse to set bail after the accused had been found competent. See, United States v. Curry, 410 F.2d 1372 (4th Cir. 1969); United States v. Klein, 325 F.2d 283, 284, n. 1 (2nd Cir. 1963); Martin v. Settle, 192 F.Supp. 156 (W.D.Mo.1961). *Cf.*, Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412 (1956); Maurietta v. Ciccone, 305 F.Supp. 775 (W.D.Mo.1969).

Shortly after this case was submitted to this Court for oral argument, the petitioner was found competent to stand trial. He was tried before the Circuit Court of St. Louis County, Missouri, on June 29, 1970. He was found guilty of second degree murder and was sentenced to twenty years imprisonment. He is currently being held in the City Jail of St. Louis, Missouri. Judgment is not yet final as the petitioner requested and was granted a stay.

We feel that these developments have mooted this appeal. We, therefore, dismiss the appeal without prejudice to the petitioner's right to raise the important issues presented here in appropriate proceedings in state and federal court.