h THIBODEAUX, Judge.
In this civil matter, Appellant, Jimmie Earl Ferguson, was committed to a state mental institution based on findings that he was incompetent to proceed to trial, and that he was dangerous to himself and to others. The trial court subsequently issued an order which civilly committed Ferguson for an indefinite period of time.
Based on the following discussion, we find that Jimmie Earl Ferguson cannot be held indefinitely without a court hearing. We remand this case to the trial court and order that a hearing be held on the petition filed by the district attorney on November 17, 1999 and an appropriate decision rendered.
*483 I.

ISSUE

We shall consider whether an individual, who is subject to criminal charges and whose mental capacity will not be regained in the foreseeable future, can be held indefinitely without a court hearing.
II.

FACTS

Jimmie Earl Ferguson (“Ferguson”) was charged by bill of information on February 27, 1997 with two counts of attempted first degree murder. On November 20, 1997, a sanity commission hearing was held. It determined that Ferguson, who has been characterized as “manic” and “delusional,” lacked the mental capacity to proceed to trial and that he was a harm to himself and to others.
On August 20, 1998, after finding that Ferguson was incompetent to proceed to trial, that he was a danger to himself or to others, and that it was unlikely |?in the foreseeable future for Ferguson to be capable of standing trial, the trial court civilly committed Ferguson to Feliciana Forensic Facility in Jackson, Louisiana until his condition could be stabilized. On May 27, 1999, Ferguson was again civilly committed for treatment of mental illness not to exceed 180 days, or until further notice of the court. On November 17, 1999, the district attorney filed another petition under Louisiana Revised Statutes 28:56(A), seeking commitment for another 180 days. The trial court issued a “Supplemental Commitment Order” which, in effect, committed Ferguson indefinitely. The court explicitly relied on Louisiana Attorney General’s Opinion 98-44 which concluded that there is no automatic release of patients after 180 days, unless the hospital staff notifies the court that the patient is ready for discharge under Louisiana Revised Statutes 15:211(A).
Ferguson was recommitted and now appeals the trial court’s judgment.
III.

LAW AND DISCUSSION

Ferguson alleges that the trial court violated the Due Process and Equal Protection Clauses of the federal and the state constitutions by committing him for more than 180 days after it had been determined that his competency to stand trial would not be attained in the foreseeable future. To support his argument, Ferguson relies on Jackson v. Indiana, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972) and Lockhart v. Armistead, 351 So.2d 496 (La.1977).
After a judicious review of this allegation, we find that Jackson and Lockhart buttress Ferguson’s contention that a defendant cannot be held indefinitely. If the defendant’s capacity will not or cannot be regained in the foreseeable future, |3then he must be discharged after 180 days, or commitment proceedings must be initiated under the appropriate civil laws.
Due Process
The Fourteenth Amendment of the United States Constitution and Article 1, Section 2 of the Louisiana Constitution grant individuals due process. A person is protected against deprivation of his life, liberty, or property without “due process of law.” Because of the deprivations to private and liberty interests that are involved in a civil commitment, the procedure requires due process protections. Once an individual has been afforded due process, and “[i]f the court finds by clear and convincing evidence that the respondent is dangerous to self or others or is gravely disabled, as a result of substance abuse or mental illness, it shall render a judgment for his commitment.” La.R.S. 28:55(E)(1).
In Jackson, the United States Supreme Court was confronted with the issue of whether the petitioner, Theon Jackson, a mentally defective deaf mute with a preschool child mental level, could be committed indefinitely solely on his lack of capaci *484 ty to stand trial. The Supreme Court held that Jackson’s commitment under Indiana Annotated Statute § 9-1706 subjected Jackson to permanent institutionalization without the showing mandated for commitment or for the opportunity of release.
The State of Louisiana relied on Louisiana Code of Criminal Procedure Article 648 in Lockhart. The Supreme Court followed the Court’s holding in Jackson, and concluded that it was not reasonable to continue an individual’s commitment for two years despite a finding after one year that his condition would not improve.
\A Jackson and Lockhart are members of an extensive liturgy of cases which oppose the indefinite commitment of criminal defendants solely on their lack of capacity to stand trial. See Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412 (1956); Royal v. Settle, 192 F.Supp. 176 (W.D.Mo.1959); United States v. Klein, 325 F.2d 283 (2d Cir.1963); United States v. Curry, 410 F.2d 1372 (4th Cir.1969); and Massachusetts Court in Commonwealth v. Druken, 356 Mass. 503, 254 N.E.2d 779 (Mass.1969). These cases mandated a reasonable period of commitment of an individual to determine if there is an actual chance that the person will achieve competency to stand trial in the foreseeable future. If it is apparent that the individual will not gain competency, “then the State must either institute a customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant.” Lockhart, at 498.
This is the standard which we are obliged to employ as we examine the constitutionality of Ferguson’s commitment. The “Supplemental Commitment Order,” which is the genesis of this appeal, adopted the faulty position of the Attorney General’s Opinion, and stated that “there is no automatic release of patients after 180 days. Instead, the medical staff has the duty to review the defendant’s record on a regular basis and make recommendations to the Court as to whether the defendant may be discharged.” The Attorney General concluded, “Therefore, it is the opinion of this office that Lockhart commitments are not subject to the one hundred eighty day re-filing requirement added to La.R.S. 28:56(A) by Act 985 of 1997. Instead, they are governed by the provisions of La.R.S. 15:211.” If we and other courts implement such an imprudent course, then the protections afforded by Title 28 and the federal and Louisiana State constitutions would be forfeited, and individuals, like Ferguson, could be confined indefinitely without any due process protection.
| ¡Article 648 of the Louisiana Code of Criminal Procedure applies to incapacity to proceed to trial. Article 648(A) involves an incapacity to proceed which may be potentially remedied in the foreseeable future, and Article 648(B) applies to commitments which occur if an incapacity to proceed cannot be remedied within the foreseeable future. A judgment ordering commitment to a medically suitable treatment facility under Article 648(B) constitutes an order of civil commitment, and is civil in nature. The State argues that Ferguson is not mandated by statute to have a contradictory hearing until a specific recommendation is made by medical staff to the court as provided in Louisiana Revised Statutes 15:211. We find this argument erroneous, and conclude that Article 648(B) commitments are civil in nature and are not part of La.R.S. 15:211 as the State suggests.
Civil commitment procedures are established in Title 28 of the Louisiana Revised Statutes. After a hearing, a court may order a person judicially committed if it finds by clear and convincing evidence that he is dangerous to himself or others or is gravely disabled, as a result of mental illness. La.R.S. 28:55. Judicial commitments shall be reviewed by the court issuing the order sixty days and one hundred twenty days after commitment and every one hundred eighty days thereafter. At these intervals, the director of the treatment facility shall issue reports to the *485 court setting forth the patient’s response to treatment, his current condition, and the reasons why continued involuntary treatment is necessary to improve the patient’s condition or to prevent it from deteriorating. La.R.S. 28:56(A). The court may at any time order a new hearing to determine whether the involuntary status should be continued. There must be at least one review hearing annually, conducted according to the procedures and standards set forth in La.R.S. 28:54, 55 and 56. La.R.S. 28:56(B). Accordingly, to ensure due process protectionism a civil commitment proceeding, the State must demonstrate by clear and convincing evidence that the person is both mentally ill and dangerous.
We find that “commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.” Addington v. Texas, 441 U.S. 418, 425, 99 S.Ct. 1804, 1809, 60 L.Ed.2d 328 (1979). Thus, a State must have “a constitutionally adequate purpose for the confinement.” O’Connor v. Donaldson, 422 U.S. 563, 574, 95 S.Ct. 2486, 2493, 45 L.Ed.2d 396 (1975). Article 648 provides a means for the State to attain its purpose for confinement. It states, in pertinent part:
(1) [A]ny time after commitment and on the recommendation of the superintendent of the institution that the defendant will not attain the capacity to proceed with his trial in the foreseeable future, the court shall, within sixty days and after at least ten days notice to the district attorney and defendant’s counsel, conduct a contradictory hearing to determine whether the mentally defective defendant is, and will in the foreseeable future be, incapable of standing trial and whether he is a danger to himself or others.
(2) If, after the hearing, the court determines the defendant is, and will in the foreseeable future be, incapable of standing trial and may be released without danger to himself or others, the court shall release the defendant on probation.
(Emphasis added).
The Attorney General’s and the State’s allegiance to Louisiana Revised Statutes 15:211 and 28:56(1) is commendable, but baseless. La.R.S. 28:56(1) provides, “All judicial commitments involving a patient who has been found not guilty by reason of insanity or who has been found to lack the capacity to proceed, shall be reviewed in the manner as set forth in R.S. 15:211.” This statute lacks explicit and implicit language which exempts civil commitments where the commitments are for an individual, such as Ferguson, whose capacity will not be |7regained for the foreseeable future. To hold this type of individual indefinitely not only violates the Due Process Clause but also violates the Equal Protection Clause of the Fourteenth Amendment, Article 1, Section 2 and Article 1, Section 3 of the Louisiana Constitution.
Equal Protection
Equal protection of the law requires a state to grant equal commitment and release standards to patients charged with offenses as to those patients who are not charged with offenses. Jackson v. Indiana, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). By condemning a confined individual in effect, to permanent institutionalization without a showing required for commitment or the opportunity for release, the state has deprived that individual of equal protection of laws under the Fourteenth Amendment. Id.
The State makes an anemic attempt to distinguish Lockhart and Jackson on the basis that these cases do not involve “dangerous” individuals like Ferguson. We note that these cases did not use the “dangerous” factor as the determinative factor in characterizing the nature (civil or criminal) of the commitment. If we were to acquiesce to the State and arbitrarily implement the “dangerousness” test, then by confining patients solely on a dangerousness finding, we would, in effect, make *486 mental institutions substitutes for prisons in Louisiana. This is a violation of an individual’s constitutional rights that this court will not condone.' “The propensity for danger is not enough.” Jackson v. Foti, 670 F.2d 516, 522 (5th Cir.1982).
We conclude that neither pending criminal charges nor an inclination for danger will vitiate the constitutional protections afforded to a confined individual in a case such as Ferguson’s. A person, such as Ferguson, who is charged with a ¡scriminal offense, and who is committed solely on his inability to proceed to trial, cannot be held more than the reasonable time necessary to determine whether he will achieve capacity in the foreseeable future. “If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant.” Jackson v. Indiana, at 1858.
IV.

CONCLUSION

The “Supplemental Commitment Order” rendered by the trial court, in effect, indefinitely committed Jimmie Earl Ferguson, in violation of his rights under the Due Process and Equal Protection Clauses of the United States and the Louisiana State Constitutions. We remand this case to the trial court and order that a hearing be held on the petition filed by the district attorney on November 17, 1999 and an appropriate decision rendered.
All costs of this appeal are assessed to the State of Louisiana.
REVERSED AND REMANDED.