**UNITED STATES of America,
Plaintiff,**

v.

**John Hamilton MORRIS, Defendant.**

**No. 24854.**

United States District Court
S. D. California,
Central Division.

Aug. 14, 1957.

10. Northen v. Elledge, 72 Ariz. 166, 232 P.2d 111.

Alfred B. Doutre, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

David B. Harrison, Los Angeles, Cal. (of Paul, Hastings & Janofsky), Los Angeles, Cal., for defendant.

EAST, District Judge.

The defendant, through his Court-appointed counsel, Mr. David B. Harrison, moves this Court for an order directing a re-examination of the defendant under the provisions of Title 18, U.S.C. § 4244 et seq. In resistance to the motion the plaintiff appeared through Alfred V. Doutre, Assistant United States Attorney.

It appears that by order duly made and entered herein on April 23, 1956, the defendant was determined to be "presently mentally incompetent as to be unable to understand proceedings against him or properly to assist in his own defense in accordance to Secs. 4244 and 4246, Title 18, U.S.Code," and was thereupon "committed to the custody of the Attorney General, or his authorized representative until he shall be mentally competent to stand trial or until the pending charges against him are disposed of according to law."

It further appears that the defendant was forthwith transferred to the Medical Center for Federal Prisoners at Springfield, Missouri, and has been continuously in the custody of the Warden and Chief Medical Officer of said Medical Center since, and for a period of more than fifteen months.

It further appears that the staff of said Medical Center has from time to time made periodic psychiatric examinations of the defendant. However, at no time has any official of said Medical Center, either through the Attorney General, or otherwise, made a report to this Court as to the from time to time mental condition of the defendant.

It further appears to the Court, through the affidavits on file herein, that there is probable cause to believe that the mental condition of the defendant has improved and he is able to stand trial on the charges herein.

This Court is satisfied that the commitment of the defendant to the custody of the Attorney General for the purposes aforesaid is a commitment that is temporary as distinguished from permanent in nature. Wells, by Gillig v. Attorney General, 10 Cir., 1953, 201 F.2d 556.

■ This Court is of the opinion that when a defendant charged with a crime before the Court is timely and regularly determined to be so—"mentally incompetent as to be unable to understand proceedings against him or properly to assist in his own defense," in accordance to Secs. 4244 and 4246, Title 18, U.S.C., and by reason thereof committed to the custody of the Attorney General until he shall be mentally competent to stand trial or until the pending charges against him are disposed of according to law, becomes a ward of the court as distinguished from the status as a defendant charged with a crime.· The court having exercised jurisdiction and ordered a commitment which is temporary in nature, retains jurisdiction of the defendant at all times.

■ The Court is further of the opinion that this Court owes a duty to its ward to from time to time inquire as to the mental condition of its ward and to legally determine whether or not the defendant is, in fact, competent to stand trial or to be continued as a ward. Higgins v. McGrath, D.C.W.D.Mo.W.D.1951, 98 F.Supp. 670.

■ Therefore, the Attorney General is requested to present the person of the defendant at some suitable place of detention within this District on or before September 9, 1957, there to be held available for examination by such physicians or psychiatrists as the defendant or his counsel shall designate, and to present the person of said defendant before this Court on Tuesday, September 17, 1957, at 10:00 A.M., for such proceedings as shall properly come before the Court.

The Warden and Chief Medical Officer of the Medical Center is requested to present to this Court at said time the reports of the psychiatrists and Board of Examiners and other institutional records relating to the prisoner's mental condition pursuant to Title 18, U.S.C. § 4244.

It is so ordered.