Yun James JOHNSON, Petitioner,

v.

Dr. Russell O. SETTLE, Warden, Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

No. 12798.

United States District Court
W. D. Missouri, W. D.

May 14, 1960.

Yun James Johnson, pro se.

Edward L. Scheufler, U. S. Atty., O. J. Taylor, Asst. U. S. Atty., Kansas City, Mo., for respondent.

RIDGE, Chief Judge.

Petitioner has been confined in the United States Medical Center for Federal Prisoners, at Springfield, Missouri, since July 1, 1958, under order of the United States District Court for the Southern District of California, Central Division, providing as follows:

"The above matter having come on for hearing on Tuesday, July 1, 1958, for the purpose of determining whether the defendant, Yun James Johnson, is presently mentally incompetent, and unable to understand the proceedings against him, and unable to assist in his own defense, and the Court having found that the defendant is presently insane and unable to understand the proceedings against him, and unable to properly assist in his own defense.

"It is hereby ordered that the accused be committed to the custody of the Attorney General until the accused shall become mentally competent to stand trial, or until the pending charges against him are disposed of according to law."

Findings of fact made by the Court in respect to the mental competency of defendant as above determined, read as follows:

"The above-entitled matter having come on for hearing on Tuesday, July 1, 1958, for the purpose of determining whether the defendant, Yun James Johnson, is presently insane, or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly assist in his own defense, the Court having reviewed the report of Dr. Carl Von Hagen, and

"Good Cause Appearing Therefor, the Court does hereby find as follows:

"The defendant is presently insane, and unable to understand the proceedings against him, and unable to properly assist in his own defense."

Petitioner has now filed before this Court an application for writ of habeas corpus in which he alleges that he has "been confined over a period of twenty-four months in the custody of respondent," awaiting a determination as to—

whether or not he is competent to stand trial. He alleges "he is competent to stand trial" and prays that the United States Marshal be forthwith directed to place him in the jurisdiction of his committing District Court for the Southern District of California, Los Angeles, for a legal determination of that issue.

By return of respondent, it appears that on October 28, 1958, the Psychiatric Staff of the Medical Center for Federal Prisoners made the following recommendation, after observation and examination of petitioner:

"It is the opinion of the NP Staff that Johnson is seriously mentally ill at this time, and that while there is a probability that he may understand the nature of the charge against him, it is extremely unlikely that he would be able to assist his counsel in defense."

On April 21, 1959, the NP Staff of the Medical Center made the following recommendation:

"The Staff was agreed that the patient at present is psychotic and unable to understand the proceedings pending against him and to assist counsel in his defense. Moreover, the Staff agreed that because of the patient's history of previous mental illness and his poor progress in the hospital, it is probable that his prognosis for recovery of mental competency in the foreseeable future is poor. However, it is too early at this time to recommend state hospitalization."

A similar report was made by the NP Staff of the Medical Center on November 10, 1959.

On April 21, 1960, the NP Staff of the Medical Center reported as follows:

"Little change has occurred in the patient since the report of Psychiatric Staff examination dated 10–22–59–CV. The Staff noted since the writing of the last examination the patient's illness has gone a cyclic course of remissions and exacerbations. * * * Between these episodes of symptoms the patient was placed on heavy doses of tranquilizing medication with a good remission. At certain times, the patient remains on tranquilizing medication and again is able to assume responsibilities for himself in a semi-open ward of the maximum supervision area of the hospital. He is certainly well orientated to time, place and persons, and works as a ward orderly on his ward."

However, it was the opinion of the NP Staff that this patient continues to be mentally ill and unable to properly understand the nature of the charge pending against him and unable to adequately assist in his defense; that prognosis for recovery in the foreseeable future is poor; and, because of the severity and chronicity of his illness the NP Staff recommends that efforts to arrange for his hospitalization in the state of his residence should be continued.

From the pleadings on file it does not appear that petitioner has ever filed motion in his committing Court for a rehearing in respect to his mental competency to stand trial. Neither does it appear that any reports have been made by respondent to defendant's committing Court relating to petitioner's mental condition. That situation is one frequently presented to this Court for consideration in habeas corpus proceedings. As a consequence this District Court is placed in the anomalous position of having presented to it an issue for determination as to which it has no jurisdiction to make a final, conclusive judgment thereon. All this Court can do in respect to such issue is to determine whether probable cause exists as to whether petitioner has regained sufficient mental competency to stand trial on the charge pending against him, or whether an additional hearing should be held to determine whether petitioner should be committed to the custody of the Attorney General of the United States pursuant to the provisions of Sections 4246, 4247 and 4248, Title 18, U.S.C.A. (Cf.) Higgins v. McGrath,

D.C.W.D.Mo.W.D.1951, 98 F.Supp. 670. In the Higgins case we held probable cause existed, and remanded petitioner to the custody of his committing Court.

■ Because we consider the pleadings herein to present an issue as to whether petitioner legally remains incompetent to stand trial on the charges pending against him; to understand the nature thereof; and, to assist in his defense, we think that a hearing in respect to the above should be held in the only Court that can make a final legal determination in respect thereto. That "Court owes a duty to its ward to from time to time inquire as to the mental condition of its ward and to legally determine whether or not the defendant is, in fact, competent to stand trial or to be continued as a ward." United States v. Morris, D.C.S.D.Cal.C.D.1957, 154 F. Supp. 695, 697.

■ Although it appears from the return of respondent that the Psychiatric Staff of the Medical Center has made a medical determination that petitioner is "mentally ill and unable to properly understand the nature of the charges pending against him and unable to adequately assist in his defense," that matter is not binding on petitioner's committing Court. The determination of that issue is a legal one, to be made by petitioner's committing Court by a consideration of factors demonstrating whether petitioner's mental trend and stream of speech are clear, coherent and adequate to communicate with his counsel respecting his attitude toward his present peril of the charge made against him and trial thereon; his memory for the remote and recent times and action taken by him at the time of the alleged commission of the offense, and such insight as he has into the cause for his actions. To be legally competent to stand trial, petitioner does not have to be able to rationalize whether he knows right from wrong. Though he has no insight into the cause for his actions, if he knows what he is charged with is considered wrong he might be put to trial and leave the rationalization of his mental competency to commit the offense with which he is charged to his attorney. In such a defense, it is not necessary that the defendant take the witness stand and testify in his own behalf. The fact that petitioner may be medically considered incompetent to stand trial because he does not have insight into the nature of the offense with which he is charged or to rationalize the defense to such charge, does not spell out legal incompetency to stand trial. The issue for determination as to whether one is legally capable of standing trial is totally different from the one presented when insanity at the time of the commission of the alleged offense is relied upon as a defense. Cf. McIntosh v. Pescor, 6 Cir., 1949, 175 F.2d 95; Youtsey v. United States, 6 Cir., 97 F. 937.

■■ Petitioner is presently in the position of a person in the custody of the Attorney General of the United States seeking release from present confinement on constitutional grounds. Although not convicted of the offense with which he is charged (bank robbery) he is, for all intents and purposes, entitled to seek relief from such confinement within the ambit of Section 2255, Title 28, United States Code. As such, and in the light of the fact that this Court cannot make a final determination in respect to his present mental competency to stand trial on the charges pending against him in the District Court for the Southern District of California, petitioner is informed that he should file a motion in his committing Court, in form as presented to this Court by way of the instant petition for habeas corpus, alleging facts on which he relies to establish his mental competency to stand trial, so that a hearing may be held in that Court on that issue and a definitive adjudication made in respect thereto before any hearing is held in respect to that matter in this District Court. If such motion is not granted then an appeal should be taken therefrom to the Court of Appeals, before

relief by way of habeas corpus is applied for in this Court. Krupnick v. United States, 8 Cir., 1959, 264 F.2d 213.

It appearing that petitioner has a legal remedy available to him to have a determination made as to his mental competency to stand trial on the charges pending against him; the instant petition for writ of habeas corpus will be dismissed, without prejudice.

It is so ordered.