Richard Paul **PAVLICK**, Petitioner,

v.

Dr. R. O. **SETTLE**, Warden, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

No. 13500–4.

United States District Court
W. D. Missouri, W. D.

March 26, 1962.

Lindell R. Church, Springfield, Mo., for petitioner.

F. Russell Millin, U. S. Atty., Calvin K. Hamilton, First Asst. U. S. Atty., Kansas City, Mo., for respondent.

BECKER, District Judge.

This is the petition of Richard Paul Pavlick for a writ of *habeas corpus* in which petitioner seeks his release from detention at the Medical Center for Federal Prisoners, Springfield, Missouri. An order to show cause why the writ should not issue was made and served upon the respondent warden.

In response to the order to show cause, respondent stated that his custody of the petitioner was lawful under the authority of Title 18, §§ 4244, 4246, 4247 and 4248, U.S.C. Respondent further stated that petitioner is charged by indictment in the Southern District of Florida with violations of Title 18, §§ 837(b) and 871, U.S.C., but has never been tried on these charges because the petitioner is, and has been, insane or otherwise mentally incompetent to understand the proceedings against him or properly to assist in his own defense, and because petition-

er constitutes a danger to the safety of the officers, property and interests of the United States.

In his counsel's suggestions in opposition to the petition, respondent also asserts that no motion to vacate has been filed in the committing court under Title 28, § 2255, U.S.C., and therefore that this petition may not be entertained.

On the factual and legal issues, evidence and arguments were heard and briefs received, resulting in the following findings and conclusions:

In December 1960, Pavlick, once, and perhaps now, a resident of Belmont, New Hampshire, was arrested in Palm Beach, Florida on a charge of transporting explosives in interstate commerce with knowledge and intent to damage and destroy property in Palm Beach, for the purpose of interfering with its use for religious, residential and civic objectives, and for the purpose of intimidating the President-Elect of the United States in pursuit of such objectives in violation of Title 18, §§ 837(b) and 871, U.S.C.

On January 4, 1961, in the United States District Court for the Southern District of Florida, Miami Division, petitioner was indicted by a Grand Jury on charges of threatening to take the life of and to inflict bodily harm upon the President-Elect of the United States, in violation of Title 18, § 871, U.S.C., and of transporting explosives in interstate commerce in violation of Title 18, § 837(b), U.S.C.

On the Court's own motion, acting under Title 18, § 4244, U.S.C., an inquiry was had into the mental competency of petitioner, at which time evidence and arguments of counsel were heard. As result of this inquiry, on January 27, 1961, the United States District Court for the Southern District of Florida, Miami Division, found the petitioner (1) to be presently insane; (2) so mentally incompetent as to be unable to understand the nature of the proceedings against him; (3) so mentally incompetent as to be unable to properly assist in his own defense. Further, the Court found (4) petitioner's insanity or mental disability to be more than a temporary condition and his mental incompetency to be more than temporary; and (5) that if petitioner were released, he would endanger the safety of the officers, property and other interests of the United States, and therefore the conditions specified in Title 18, § 4247, U.S.C., existed. In addition, the Court found (6) that suitable arrangements for the care and custody of petitioner were not otherwise available.

On these findings, the Court ordered that the petitioner be delivered to and held in the custody of the Attorney General until his sanity and mental competency should be restored, or his mental condition so improved that if he were released he would not endanger the safety of the officers, property or other interests of the United States, or until suitable arrangements could be made for the custody and care of the petitioner by the state of his residence, whichever event should occur first.

▮ The action of the District Court of the Southern District of Florida was appropriate, lawful and constitutional. Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412. Therefore, the respondent has lawful custody of the petitioner.

▮ Nevertheless, petitioner is entitled to test by *habeas corpus* the propriety of the continuance of his detention, from time to time, as the circumstances warrant. Greenwood v. United States, 350 U.S. 366, l. c. 375, 76 S.Ct. 410, 100 L.Ed. 412.

This right to *habeas corpus*, in cases of this character, to test the detention under Title 18, §§ 4244-4248, U.S.C., is not dependent upon prior application for relief by motion to vacate under Title 28, § 2255, U.S.C. The motion to vacate under § 2255, supra, is not available to petitioner because he is not presently *in custody under sentence* of a court established by Act of Congress. Crow v. United States, 186 F.2d 704 (C.A.9th Cir.); United States v. Young, 93 F.Supp. 76 (D.C.W.D.Wash.); contra, Johnson v.

Settle, 184 F.Supp. 103 (D.C.W.D.Mo.). A recent authoritative discussion of the history, purpose and scope of Section 2255 appears in Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417. Undoubtedly the committing court has the power to review the circumstances and the propriety of continuing the detention, but a motion under § 2255 is not the only presently available remedy in this case. Therefore, the argument of respondent's counsel that the petition should be dismissed for lack of a prior motion under § 2255 is not well taken. That brings us to the question of whether the writ should issue under the circumstances shown by the evidence.

■ On the question of present mental competency to stand trial, the examination of petitioner and the testimony of the consulting staff psychiatrist made it clear that petitioner's mental condition has improved since his commitment, and that a substantial submissible case of competency to stand trial can be made by petitioner. However, it is the province of the committing court to find the facts and to make the final decision on the issue of whether the trial shall proceed. In this connection, it is noted that petitioner denies his guilt, and denies his mental incompetency, now or at the time of the alleged offense, and seeks a trial to vindicate himself.

While his answers to questions on some unrelated subjects, such as governmental finance, naval construction and public subsidy of religious institutions, were suggestive of a lack of mental composure in petitioner, his answers on the critical questions set forth so ably by Judge Albert Ridge in Wieter v. Settle, 193 F. Supp. 318 (D.C.W.D.Mo.), were clear and unhesitating. In fact the government's staff psychiatrist testified that the petitioner met the eight tests set forth in Wieter v. Settle, supra.[1]

Under the circumstances of this case the petitioner should be returned to the committing Court for a disposition by that Court, provided that petitioner should not be detained because of his alleged dangerous tendencies. Martin v. Settle, 192 F.Supp. 156 (D.C.W.D.Mo.).

On the question of propriety of detention without trial of a mentally competent person, asserted to be dangerous to the officers, property or other interests of the United States, grave questions of Constitutional law suggest themselves. But, they need not be passed on in this proceeding because the consulting staff psychiatrist testified that only upon an assumption of petitioner's guilt of the pending charges could he express an opinion that petitioner was potentially dangerous. That question, also, can be left to the unquestionably sound judgment of the committing Court.

[1]. "* * * when it is evidentially made to appear in a habeas corpus proceeding by a person under arrest status, confined pursuant to Sections 4244–4246, Title 18 U.S.C.A.:

"(1) that he has mental capacity to appreciate his presence in relation to time, place and things;

"(2) that his elementary mental processes are such that he apprehends (i. e. seizes and grasps with what mind he has) that he is in a Court of Justice, charged with a criminal offense;

"(3) that there is a Judge on the Bench;

"(4) a Prosecutor present who will try to convict him of a criminal charge;

"(5) that he has a lawyer (self-employed or Court-appointed) who will undertake to defend him against that charge;

"(6) that he will be expected to tell his lawyer the circumstances, to the best of his mental ability (whether colored or not by mental aberration) the facts surrounding him at the time and place where the law violation is alleged to have been committed;

"(7) that there is, or will be, a jury present to pass upon evidence adduced as to his guilt or innocence of such charge; and

"(8) he has memory sufficient to relate those things in his own personal manner:—

such a person, from a consideration of legal standards, should be considered mentally competent to stand trial under criminal procedure, lawfully enacted. * * *"

Therefore, on the record it is concluded that the petition for a writ of *habeas corpus* should be granted, so that petitioner may be returned to the committing Court for such further proceedings as that Court may deem proper. Respondent is directed to release petitioner from his custody to the United States Marshal. The Marshal is directed to deliver petitioner with reasonable dispatch to the United States District Court for the Southern District of Florida, Miami Division. It is so ordered.