Rayna Tom CARMEN, Petitioner,

v.

Dr. R. O. SETTLE, Warden, Respondent.

No. 13886.

United States District Court
W. D. Missouri, W. D.
July 3, 1962.

GIBSON, District Judge.

This is a petition for a writ of habeas corpus. On May 25, 1962, this Court ordered respondent to show cause why the writ of habeas corpus should not issue. The response to the order to show cause was duly filed on June 21, 1962.

The facts appear to be that petitioner was indicted May 27, 1960 in the Southern District of California for the crime of Murder on an Indian Reservation. A hearing was held in that jurisdiction on petitioner's mental competency to stand trial, said hearing being authorized by § 4244, Title 18, U.S.C. Subsequent to said hearing, on June 27, 1960 the United States District Court for the Southern District of California entered its order finding petitioner incompetent to stand trial and ordered him committed until he be competent to stand trial or the charges pending against him are disposed of according to law. That Court, in that order, further stated:

"That the medical prognosis for the defendant's mental recovery is poor and indefinite hospitalization seems likely. That any remissions that defendant has had may be of long or short duration, and he is subject to relapse at any time.

"That if the defendant RAYNA TOM CARMEN were released it would not be in the best interests of society and he might endanger the life and property of others and the interests of the United States.

"That suitable arrangements for the custody and care of the defendant are not otherwise available."

Apparently all parties to the instant action have presumed that such an order is a commitment pursuant to and governed by the provisions of § 4246, Title 18 U.S.C. However, § 4246 provides in part:

"* * * And if the court after hearing as provided in the preceding sections 4244 and 4245 shall determine that the conditions specified in the following section 4247 exist, the commitment shall be governed by section 4248 as herein provided."

Lindell R. Church, Springfield, Mo., for petitioner.

F. Russell Millin, Clifford M. Spottsville, Kansas City, Mo., for respondent.

The conditions specified in section 4247 are as follows:

> " * * * the prisoner is insane or mentally incompetent, and that if released he will probably endanger the safety of the officers, the property, or other interests of the United States, and that suitable arrangements for the custody and care of the prisoner are not otherwise available, * * *."

It should be noted that all the elements listed in § 4247 were found to be present in the case of the petitioner, and it seems clear that, under the order of the District Court for the Southern District of California, petitioner's commitment will be governed by the provisions of § 4248, Title 18 U.S.C. § 4248 provides that commitments under that section:

> " * * * shall run until the sanity or mental competency of the person shall be restored or until the mental condition of the person is so improved that if he be released he will not endanger the safety of the officers, the property, or other interests of the United States, or until suitable arrangements have been made for the custody and care of the prisoner by the State of his residence, whichever event shall first occur. * * *"

■■ A commitment under § 4248, as indicated, is of a more permanent nature than one under 4246. The California District Court indicated that it felt that petitioner's prognosis was not too favorable.

Probably the only difference between a commitment under § 4246 and a commitment of an untried and unconvicted person under § 4248 perforce the provisions of § 4246 and § 4247 is that it may be possible to confine an untried person, committed under § 4248 because of danger to officers or property of the United States, for a period longer than the possible maximum sentence for the crime of which he is charged, if no state facilities are available. This is not possible under straight § 4246 commitment,

where the conditions specified in § 4247 are not found to exist. The situation in the instant case is almost identical to the one presented in the case of Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412. At page 374, 76 S.Ct. at page 415 of that case the Court said, "The second sentence of § 4246 clearly makes commitment under § 4248 applicable to persons found mentally incompetent under § 4244 who meet the conditions specified in § 4247." However, it is doubtful whether the issue of how long petitioner may be incarcerated without trial is reached at this time.

■ It is clear that a person committed under any of the sections above mentioned is entitled to be free of such commitment at any time he becomes competent.

Petitioner has now alleged that he is competent to stand trial. The question which arises is whether this Court is under an obligation, merely upon such an allegation, to entertain such a petition for a writ of habeas corpus, and hold hearings and proceedings on such a petition.

■ Where a person committed under § 4244–4248 files a habeas corpus petition in a jurisdiction other than the one from which he was committed, the Court in which the petition is filed only has the power to decide whether or not there is probable cause to believe that the petitioner is mentally competent to stand trial. The final determination of competency rests solely with the committing Court. Wieter v. Settle, D.C., 193 F.Supp. 318. The committing Court has the duty to inquire from time to time into the mental status of a person committed by it. Johnson v. Settle, D.C., 184 F.Supp. 103. It is clear that the committing Court in the instant case recognized this duty, because it ordered the Attorney General to report as to the mental status of the petitioner every six months.

■ Under § 2255, Title 28 U.S.C. a sentenced person, who believes that his sentence or conviction is subject to col-

lateral attack, must first petition the sentencing Court for relief. It now seems clear that this statute does not apply to persons merely committed as incompetent without having had a trial. Pavlick v. Settle, D.C., 203 F.Supp. 42.

 However, it is the opinion of the Court, that one committed under the provisions of § 4244–4248, before bringing an action for habeas corpus, should first show that he has made application to the committing Court for relief, and that that Court denied him proper consideration.

 The statute under which petitioner is committed is constitutional in circumstances such as this. Greenwood v. U. S., (supra). Therefore, petitioner's custody is lawful unless he is now competent. This, in fact, appears to be petitioner's contention. However, as previously stated, this Court has no power to adjudicate with finality the competency, but may only order petitioner sent back to the committing Court for further proceedings. Therefore, it would appear logical that this Court should refrain from exercising its jurisdiction until the petitioner has shown that he has made application to the committing Court for consideration of his mental status and that that Court has unjustly refused such a consideration, or that he is unable to obtain justice in the committing Court for some other reason. To hold otherwise would mean that every person committed until he be competent to stand trial could, merely by filing habeas corpus actions, require the Court in the jurisdiction in which he is incarcerated to hold a hearing to determine whether there is reasonable cause to believe that petitioner should be sent back to the committing Court for further almost identical proceedings. Clearly the effect of this is to shift the duty of inquiring from time to time into the mental condition of committed persons from the committing Courts to those few Courts within whose jurisdiction there exists a federal mental health facility.

A similar situation presented itself in the case of Frederick Seelig v. United States of America, Misc. No. 127, U.S. Court of Appeals, 8th Cir., June 1, 1962 (not reported). There the Court said, in a per curiam opinion denying a petition for leave to proceed on appeal in forma pauperis:

"On the order made, petitioner is in effect a ward of the District Court for the Southern District of California. There is nothing to indicate or suggest that any request has been made of that Court for further consideration of petitioner's situation or his contention that he is presently competent to stand trial. Also, the length of time that petitioner has been held is not yet such as to give rise on its face to any apparent neglect or disregard of petitioner's rights. This is not to say that circumstances may not at some time become such a prima facie to entitle petitioner to a hearing in habeas corpus. As the situation presently stands, however, without some request having been made to the District Court for the Southern District of California for a current consideration of petitioner's condition and a refusal by the Court to engage in such consideration as may be legally appropriate in relation to the circumstances, there is not sufficient basis for petitioner to seek a writ of habeas corpus from the District Court for the Western District of Missouri."

Thus, it is clear that there are circumstances where a sufficient basis could exist for the writ of habeas corpus. However, petitioner in the instant case has shown none to this Court. It might perhaps be argued that since petitioner has been confined approximately two years on his present commitment, a sufficient time has passed with no action on the part of the committing Court to suggest that that Court is derelict in its duty to inquire from time to time into petitioner's condition. However, it should be noted that that Court, in the order of commitment, stated that petitioner's condition seemed to be more

than temporary, and also ordered the Attorney General to report on petitioner's condition every six months. This would seem to indicate that the California District Court is conscientiously fulfilling its duty to petitioner.

For the reasons above stated, the petition for a writ of habeas corpus is dismissed.

It is so ordered.