Calvin Woodrow **BARFIELD**, Petitioner,

v.

**Dr. R. O. SETTLE**, Warden, Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

Civ. No. 13935–4.

United States District Court
W. D. Missouri, W. D.

Aug. 30, 1962.

Calvin Woodrow Barfield, petitioner, pro se.

F. Russell Millin, U. S. Atty., by William A. Kitchen, Asst. U. S. Atty., Kansas City, Mo., for respondent.

BECKER, District Judge.

Calvin Woodrow Barfield, petitioner, has filed a petition for writ of *habeas corpus* wherein he alleges that he is being illegally held as a prisoner at the Medical Center for Federal Prisoners at Springfield, Missouri. An order to show cause was issued. A response and traverse have been filed.

The facts, as shown by the pleadings, are that on December 1, 1961, in the District of Kansas, petitioner was arrested and charged with violation of Title 18 U.S.C.A. § 2315. On or about December 12, 1961, petitioner was committed to the United States Medical Center, Springfield, Missouri, for mental observation and evaluation, pursuant to Title 18 U.S.C.A. § 4244. On March 14, 1962, the Honorable Arthur J. Stanley, Jr., United States District Judge for the District of Kansas, committed the petitioner to the custody of the United States Attorney General "under the provisions of 18 U.S.C.A. [§§] 4244 and 4246," finding that petitioner was then so mentally incompetent that he could not stand trial on the charges pending against him, that if released he would probably endanger the safety of officers, property or other interests of the United States, and that no suitable arrangements had

been made for the custody and care of the defendant by any agency of the state of his residence.

Petitioner alleges that he has been diagnosed as having a schizophrenic reaction, paranoid type; that he has had this condition continuously since at least 1956; and that this condition is a progressive, permanent, incurable type of mental illness.

Petitioner claims that, since his condition is permanent, he is and has been illegally detained, that his continued detention at the Medical Center violates his constitutional right to a fair and speedy trial and is, therefore, illegal, and that he has a right to be transferred to an institution in South Carolina, his alleged residence.

■ Assuming, for the purposes of this ruling that petitioner's averments of fact are true, petitioner nevertheless fails to allege facts that would authorize the issuance of a writ of *habeas corpus* by this Court at this time. Title 18 U.S.C.A. § 4246 states:

"And if the court after hearing * * * shall determine that the conditions specified in the following section 4247 exist, the commitment shall be governed by section 4248 as herein provided."

The conditions specified in section 4247 are:

" * * * that if released he will probably endanger the safety of the officers, the property, or other interests of the United States, and that suitable arrangements for the custody and care of the prisoner are not otherwise available * * *."

In light of the aforementioned findings by the United States District Court for the District of Kansas, and the language of sections 4246 and 4247, supra, it is clear that petitioner's commitment is governed by section 4248. That section clearly states that a person committed pursuant to section 4247 shall be confined:

" * * * until the sanity * * * of the person shall ·be· restored or

until the mental condition of the person is so improved that if he be released he will not endanger the safety of the officers, the property, or other interests of the United States, or until suitable arrangements have been made for the custody and care of the prisoner by the State of his residence, whichever event shall first occur."

Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412, held that the enactment of the statutes here involved was plainly within the power of Congress under the Necessary and Proper Clause of the Constitution, Article 1, Section 8, and that evidence that the accused suffered from a "more than temporary" mental disability did not defeat the federal power to make the initial commitment. In Royal v. United States (C.A.10) 274 F.2d 846, factually quite similar to the present case, the legality of the detention under sections 4244–4248 of an accused who was presumably permanently insane, was dangerous if released, and appeared to have no chance of recovery, was sustained.

■ Petitioner claims that, by operation of the statutes under which he has been committed, he has been denied the right to a speedy trial under the guaranty of the Sixth Amendment and that therefore the charge against him should be dismissed. Under the circumstances of the case as they exist at the present time there is no merit in this claim. Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412; Howard v. United States (C.A.5) 261 F.2d 729; United States v. Miller (D.Vt.) 131 F.Supp. 88, l. c. 93–94, limited to the situation where the accused was temporarily insane in order to distinguish it from cases such as Dixon v. Steele (W.D. Mo.) 104 F.Supp. 904. In light of Greenwood, supra, effectively overruling Dixon et al., the rationale should equally apply to the "permanently" insane. See also Germany v. Hudspeth (C.A.10) 209 F.2d 15, l. c. 19.

■ In view of the time factor, and other circumstances of this case, this

Court has no practical power to grant other relief. The release of the petitioner could not be ordered since he has been lawfully committed to the Springfield Medical Center by the United States District Court for the District of Kansas, and no neglect or disregard of petitioner's rights appears. Neither dismissal of the indictment nor trial of the case could be ordered since the power and jurisdiction to make such orders is possessed exclusively by the trial court in ordinary circumstances such as this. All this Court could do would be to consider whether petitioner could make a submissible case of mental competency to stand trial, and, if so, order petitioner sent to Kansas for a hearing before the committing court on his ability to stand trial. Wieter v. Settle (W.D.Mo.) 193 F.Supp. 318, l. c. 322; Pavlick v. Settle (W.D.Mo.) 203 F.Supp. 42. If neglect or disregard of the petitioner's rights later appears, the legality of his detention may be tested by *habeas corpus* at that time.

■■ The committing court has the duty to inquire from time to time into the mental status of a person committed by it. Johnson v. Settle (W.D.Mo.) 184 F.Supp. 103, l. c. 106. Therefore, this Court should refrain from exercising its jurisdiction until the petitioner has shown that he has made application to the committing court for consideration of his present mental status, and that that court has unjustly refused such a consideration or that he is unable to obtain justice in the committing court for some other reason.

This case falls within the rule of Seelig v. United States (C.A.8) Misc. No. 127, June 1, 1962 (unreported):

"* * * [T]he length of time that petitioner has been held is not yet such as to give rise on its face to any apparent neglect or disregard of petitioner's rights. This is not to say that circumstances may not at some time become such as prima facie to entitle petitioner to a hearing in habeas corpus. As the situation presently stands, however, without some request having been made to the * * * [committing court] * * * for a current consideration of petitioner's condition and a refusal by the Court to engage in such consideration as may be legally appropriate in relation to the circumstances, there is not sufficient basis for petitioner to seek a writ of habeas corpus from the District Court for the Western District of Missouri."

Petitioner's averments that he mailed a letter to the committing court regarding his situation on June 7, 1962, and that such letter has gone unanswered is not sufficient to satisfy the prerequisite set out above.

Therefore it is

ORDERED that the petition for writ of *habeas corpus* be, and it is hereby, denied without prejudice.

ORDERED that petitioner's motion for appointment of counsel be, and it is hereby, overruled.