William Thomas JOHNSON, Petitioner,

v.

Dr. Russell O. SETTLE, Respondent.

No. 13960-1.

United States District Court
W. D. Missouri, W. D.

Sept. 6, 1962.

On Application to Appeal in Forma
Pauperis Sept. 18, 1962.

William Thomas Johnson, petitioner, pro se.

Calvin K. Hamilton, Asst. U. S. Dist. Atty., for respondent.

JOHN W. OLIVER, District Judge.

Petitioner's application for writ of habeas corpus presents the question of whether he is legally confined pursuant to the order of the Honorable John O. Henderson, United States District Judge for the Western District of New York, dated July 17, 1961. That Order recites that after a hearing pursuant to § 4244, Title 18 United States Code, it was determined that petitioner "is presently mentally incompetent to stand trial in that he is unable to properly assist in his own defense". That Order provided that "defendant be committed to the custody of the Attorney General or his authorized representative until he shall be mentally competent to stand trial".

Our order to show cause of August 18, 1962 pointed out this Court does not have power to make final decision on whether petitioner is now mentally competent to stand trial. That decision must be made by the committing Court. The answer to our rule to show cause reveals that petitioner has made no effort to be returned to the committing court for a hearing on that issue. The committing court has received two reports from the Medical Center, the most recent of which is dated April 18, 1962. That report indicates that petitioner's mental illness significantly interferes with his ability

at this time to rationally and factually understand the nature of the charges against him and to properly assist counsel in his own defense.

This case is controlled by Seelig v. United States of America, 310 F.2d 243, decided by the United States Court of Appeals for the Eighth Circuit on June 1, 1962. No request has been made of the committing court for further consideration of petitioner's situation or his contention that he is presently competent to stand trial. Nor is there any neglect or disregard of petitioner's rights apparent on the face of this record.

In addition to Seelig and the cases cited in our order to show cause of August 16, 1962, see Johnson v. Settle, (D.C.W.D.Mo.1960), 184 F.Supp. 103; Judge Gibson's decision in Carmen v. Settle, D.C., 209 F.Supp. 64 (1962), and Judge Becker's decision in Barfield v. Settle, D.C., 209 F.Supp. 143 (1962).

For the reasons stated, petitioner is given leave to proceed in *forma pauperis* but his petition and application for writ of habeas corpus and his motion to dismiss charges will be denied and overruled, respectively.

IT IS SO ORDERED.

## ON APPLICATION TO APPEAL IN FORMA PAUPERIS

Since our Memorandum and Order of September 6, 1962, petitioner has filed two additional documents, the first is entitled "In Rebuttal to Respondent's Answer to Petitioner's Application for Writ of Habeas Corpus and Response to Order to Show Cause".

█ We have considered the points there reiterated and find nothing that alters our judgment as stated in our order of September 6, 1962. Petitioner's newly expressed desire to now plead guilty (page 6) does not affect the determination of the legal questions presented by his application for habeas corpus. Even if such a desire were made known to the committing court, that court could not accept such a plea under Rule 11 of the Rules of Criminal Procedure, 18 U.S.C. One in petitioner's presently adjudicated condition can not "voluntarily" make such a plea within the meaning of that Rule.

The second document, entitled "Notice of Appeal", includes a prayer for permission to appeal in forma pauperis and for the appointment of counsel.

We are authorized and required by § 1915 of Title 28 of the United States Code to permit an appeal in forma pauperis if we are able to certify that the appeal is taken in good faith. Under familiar authority, "the applicant's good faith is established by the presentation of any issue that is not plainly frivolous". Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 975, 2 L.Ed.2d 1060 (1958). See also, Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529 (1957) and Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593 (1957).

Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962), does not change the rule of decision announced in those cases. Nor does that case change the rule that "if there are those who insist in pursuing frivolous litigation, the courts are not powerless to dismiss or otherwise discourage it" (369 U.S., l. c. 450, 82 S.Ct., l. c. 924). Cf. United States v. Johnson, 327 U.S. 106, 113, 66 S.Ct. 464, 90 L.Ed. 562 (1946), and John v. Gibson, (9th Cir.) 270 F.2d 36, 39 (1959).

Congress, by its passage of § 1915, has indicated that only some, but not all, appeals may be taken at Government expense. It placed the duty on the District Courts to determine in the first instance which appeals are to proceed free and which are not.

That initial determination, while entitled to weight, is not controlling. A District Court's determination that a particular appeal is "so lacking in merit as to be plainly frivolous", to use Mr. Justice Frankfurter's language in his concurring opinion in Lurk v. United States, 366 U.S. 712, 713, 81 S.Ct. 1229,

6 L.Ed.2d 845 (1961), or that it is "without any colorable basis of substance", to use Chief Judge Johnsen's language in Lipscomb v. United States (8th Cir.), 308 F.2d 420, is reviewable by the Court of Appeals should a proper motion be filed in that court. The scope of appellate review by that Court is whether "the certificate of the trial court that the appeal is without merit and so not taken in good faith can * * * be said to be arbitrary or unwarranted". Jones v. Attorney General of the United States, (8th Cir.) 278 F.2d 699 (1960).[1]

The potential of § 1915 appeals in habeas corpus from this particular district is great.[2] Appeals in habeas corpus proceedings are usually within the exceptional situation so far as review by the Court of Appeals is concerned, in that the materials before the District Court and later before the Court of Appeals are exactly the same materials and are completely adequate for both courts to determine on the same record whether the questions raised are or are not frivolous. From the statistics above stated, it is apparent that the vast majority of all habeas corpus applications considered by this District Court are in forma pauperis.

As a matter of policy and consistent with the proper concern for an individual's liberty, this Court permits the filing of the applications for habeas corpus in forma pauperis as a matter of course even though many actions might well have been dismissed as being frivolous. The Court of Appeals, of course, when it is called upon to review the District Court's action, faces an entirely different administrative problem. Unlike this Court, the Court of Appeals' determination on the merits requires the utilization of different procedures than its review of a District Court's

determination that a particular appeal is not taken in good faith because it is frivolous.

 In this particular case, had this Court at the outset been reviewing this case solely to determine whether or not the case was "frivolous", within the meaning of § 1915, it would have unhesitatingly so determined. But to have placed its decision on that ground would not have advised petitioner that he should seek relief before the committing court. We therefore ruled the case on the merits in order to so advise the petitioner. The questions raised by petitioner's petition, however, have been, in our judgment, conclusively and correctly determined by the cases cited and referred to in our Order to Show Cause dated August 13, 1962, and by the cases cited and referred to in our Memorandum and Order of September 6, 1962. In Hood v. United States, (8th Cir.), 307 F.2d 507 (not yet reported), the Court of Appeals for the Eighth Circuit dismissed an appeal from a trial court's denial of a 28 U.S.C. § 2255 motion as frivolous on the ground that the questions raised had been ruled by two recent decisions of the Supreme Court. Consistent with the rationale of that decision, we hereby certify that petitioner's appeal may not be taken in forma pauperis for the reason that the questions raised are plainly frivolous in that the questions raised have been conclusively determined by the cases cited, and that, therefore, the appeal can not be said to be taken in good faith.

For similar reasons petitioner's request that this Court assign counsel is denied. In order that the Court of Appeals be advised of the basis of our action in regard to the appointment of counsel in this type of case, may we add that the considerations and recommended

---

1. The appeal from habeas corpus in the cited case was dismissed because it presented "no question of substance for appellate review".

2. In the calendar years from 1957 to 1961, inclusive, 343 habeas corpus cases were filed in this District Court. 303 of those cases were filed in forma pauperis. Only one writ was granted. 53 petitioners, however, were ordered returned to their committing courts and 3 were ordered to State mental institutions. It is obvious that the vast majority of the petitioners were disappointed in the result of their litigation.

practice as stated by Chief Judge Lumbard in United States ex rel. Wissenfeld v. Wilkins, (2nd Cir.) 281 F.2d 707, 715 (1960) were applied in this case.

This Court, in passing on applications for habeas corpus filed in forma pauperis by inmates confined in federal institutions within this District, in effect, serves as counsel for the petitioners to determine whether the particular claim presented involves a question that is something more than frivolous. If triable issues of fact are presented or if unsettled questions of law are involved, counsel are immediately appointed. Such was not the case here.

For the reasons stated, neither a certificate of good faith will be issued nor will counsel be appointed.

IT IS SO CERTIFIED AND ORDERED.