**Charlie COBB, Petitioner,**

v.

**Dr. R. O. SETTLE, Warden, Respondent.**
No. 14072–1.

United States District Court
W. D. Missouri, W. D.
Oct. 26, 1962.

Wear & Wear, Springfield, Mo., for petitioner.

Joseph P. Teasdale, Asst. U. S. Atty., Kansas City, Mo., for respondent.

JOHN W. OLIVER, District Judge.

The petition for writ of habeas corpus filed in this case tests the validity of a judgment of the United States District Court for the Eastern District of Kentucky entered May 8, 1962. After hearing, that court found that petitioner was so mentally incompetent as to be unable to understand the proceedings against him or to otherwise assist in his defense. Petitioner accordingly was committed to the custody of the Attorney General or his authorized representative and is presently confined in the Medical Center for Federal. Prisoners. Petitioner alleges that "he is now mentally competent so as

to be able to understand the proceedings against him and properly to assist in his own defense" and that he is now "entitled to be returned to the Eastern District of Kentucky for the purpose of standing trial on the charges for which he has been indicted but never tried".

This Court in accordance with its established practice, issued an order to show cause. Respondent, in his answer and response to that order, alleges that "petitioner was committed to the custody of the Attorney General for treatment of his mental condition pursuant to §§ 4244-4248, Title 18, U.S.C.", and that his custody is lawful under the order of May 8, 1962.

Respondent further alleges, and supports his allegation by untraversed affidavit, that the latest report of the Neuropsychiatric Staff at the Medical Center concluded as recently as July 26, 1962 that as of that time the petitioner's chronic mental illness interferes with his ability to rationally understand the nature of the charges against him and to properly aid counsel in his own defense.

Petitioner calls attention to the fact that the commitment order of May 8, 1962 cites only Section 4248. Petitioner alleges that Section 4248 does not and should not apply and suggests that it is "readily ascertainable that (he) is being held by virtue of the authority given the United States District Court for the Eastern District of Kentucky by Title 18, § 4244, U.S.C."

Petitioner does not assert that the defect in citation of statute is so substantial as to make the order of commitment void. And such a claim would not be tenable. Cf. Hill v. United States ex rel. Wampler, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283 (1936); Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed. 2d 393 (1957); and Willis v. United States, (8th Cir. 1961) 289 F.2d 581, cert. den. 368 U.S. 856, 82 S.Ct. 93, 7 L.Ed.2d 53 (1961).

We agree that Section 4248 was not correctly cited but we disagree, however, with petitioner's suggestion that the order was in fact made pursuant to Section

4244. We think it obvious that the order was made pursuant to the authority conferred by Section 4246 and that the citation of Section 4248 was inadvertent.[1]

■■ The commitment has been consistently, and we think properly, treated by respondent as having been made pursuant to Section 4246. Under such factual circumstances, this Court does not have power to conduct a definitive hearing on the question of petitioner's mental competency to stand trial. Only the committing court may, after hearing, make a binding determination on that question. No showing or suggestion has been made that petitioner has either requested or been denied relief in or by the committing court. Absent a showing that the committing court has arbitrarily or unlawfully refused to make a determination as to petitioner's mental competency, this Court will not act on a petition for habeas corpus which in effect seeks a sanity hearing. See Johnson v. Settle, (W.D. Mo.1962) 209 F.Supp. 279, and the cases cited therein.

What we have said would dispose of the pending litigation. A supplemental answer and response filed by respondent, however, states facts which the Court believes should be called to petitioner's attention in order that he and his counsel may properly plan petitioner's next legal step. Respondent's supplemental response states that on October 4, 1962, the Assistant Attorney General in charge of the Civil Rights Division authorized the United States Attorney for the Eastern District of Kentucky to dismiss the charges outstanding against petitioner contingent upon his acceptance by an appropriate state hospital for further care and treatment. That letter requested the United States Attorney to "prepare an order of dismissal to take effect upon the transfer of petitioner to an appropriate state hospital" and that "copies of this order be furnished to the Medical Officer In Charge, Federal Medical Center, Springfield, Missouri, and to the Legal Counsel to the Director, Bureau of Prisons".

That authorization was undoubtedly made in accordance with the Committee Recommendation attached to the report of the Neuropsychiatric Staff above referred to, to the effect that petitioner "should be considered for transfer to a state hospital in his state of residence under the provisions of § 4248".[2]

---

1. The order of May 8, 1962, was predicated upon an express finding that petitioner was "so mentally incompetent as to be unable to understand the proceedings against him or to otherwise assist in his defense", an almost exact paraphrase of Section 4244. Power to commit under Section 4246 must be based upon such a finding. Petitioner was committed "to the custody of the Attorney General or his authorized representative until the pending charges against him are otherwise disposed of according to law". That language is paraphrased from Section 4246. While that language omits the alternative that the petitioner should be held in custody until "mentally competent to stand trial", as provided in Section 4246, nevertheless still another paragraph of the order requires the transportation of the defendant "to such institution as may be designated by the Bureau of Prisons for the further treatment of the mental and physical illness of said defendant". While not artfully drawn, we think it clear from a fair reading of the order as a whole that petitioner was given a Section 4246 commitment and that he is presently being held by virtue of the authority of that section of the United States Code.

2. The last sentence of that Section provides that "The Attorney General or his authorized representative shall have authority *at any time* to transfer a prisoner committed to his custody under the authority of Section 4246 or 4247 hereof to the proper authorities of the State of his residence". There does not seem to be any real question but that petitioner is a resident of the State of Kentucky. The problem involved in Clark v. Settle, (W.D.Mo.1962) 206 F.Supp. 74, cannot therefore be involved. Nor is it to be judicially anticipated that the question ruled in Craft v. Settle (W.D.Mo.1962) 205 F.Supp. 775, will arise in connection with the proper authorities of the State of Kentucky. We must presume that those authorities will act in accordance with the State law of Kentucky and in accordance with the Constitution of the United States.

The petition for writ of habeas corpus should be and is hereby denied without prejudice. In exercise, however, of the power conferred by Section 2243, Title 28 United States Code, to dispose of a petition for habeas corpus "as law and justice require", this Court further orders that respondent shall at intervals of not less than thirty (30) days keep this Court advised as to the success of his effort to transfer petitioner to the proper authorities of the State of Kentucky. Respondent is authorized to forward copies of this order to those authorities if he deems such action advisable.

It is so ordered.