**Richard Paul PAVLICK, Petitioner,**

v.

**Dr. Jesse D. HARRIS, Warden, Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.**

**Civ. A. No. 14348-4.**

United States District Court
W. D. Missouri, W. D.

Oct. 11, 1963.

Leland C. Bussell of Bussell & Hough, Springfield, Mo., for petitioner.

F. Russell Millin, U. S. Atty., Kansas City, Mo., for respondent.

BECKER, District Judge.

Petitioner in his second petition for *habeas corpus* seeks return from the United States Medical Center at Springfield, Missouri, to the committing Court, the United States District Court for the Southern District of Florida.

In an earlier petition seeking the same relief petitioner was ordered returned to the committing Court. Pavlick v. Settle (W.D.Mo.) 203 F.Supp. 42.

On his return to the Southern District of Florida, petitioner was examined as to competency to stand trial, granted a hearing on his competency, found to be "presently insane and so mentally incompetent as to be unable to understand the proceedings against him and to properly assist in his own defense, and that if released he would endanger the safety of the officers, the property, and other interests of the United States of America and, therefore, the conditions specified in Title 18 United States Code, Section 4247, are found to exist." (Amended Order, June 6, 1963, as of June 19, 1962).

It was thereupon ordered by the committing Court as follows:

"1. That the defendant, Richard Paul Pavlick, be and he is hereby committed to the custody of the Attorney General or his authorized representatives until the defendant shall be mentally competent to stand trial, or until the pending charges against him are disposed of according to law; and the Attorney General or his authorized representative is hereby further directed to make every reasonable effort to have said Richard Paul Pavlick committed to the proper authorities of the State of New Hampshire, the residence of the defendant;

"2. That the Attorney General or his authorized representative shall, not later than six (6) months

thereafter, furnish to this Court a written report concerning the mental condition and improvement, if any, of that condition of the defendant, Richard Paul Pavlick." (Amended Order of June 6, 1963, nunc pro tunc as of June 19, 1962.)

Pursuant to this order of June 6, 1963, the petitioner was returned to the United States Medical Center where he has been detained since, under the provisions of Sections 4244, 4246, 4247 and 4248 of Title 18 U.S.C.

Exercising his right to test through *habeas corpus* the continuance of his detention from time to time, by establishing his eligibility for release (Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412) petitioner filed this second petition asserting his competency to stand trial, and requesting his release because of his detention for an unreasonable time. An order to show cause was issued.

The respondent filed a response to the order to show cause denying the averments of the petition and alleging that petitioner had never been tried because he was so mentally incompetent as to be unable to understand the proceedings against him or to properly assist in his own defense of the charges pending against him in the Southern District of Florida and for the further reason that petitioner, if released, would constitute a danger to the safety of the officers, interests and property of the United States. On the issues raised by the petition and response an evidentiary hearing was held, at which the petitioner and respondent testified. From the record, including the evidence, the following facts appeared.

### Findings of Fact

This 76½ year old petitioner, who has never been tried or convicted of a crime, has been imprisoned by the United States in various jails and prisons since December 14, 1960, a period of two years, nine months and thirteen days.

He was indicted but never tried upon two charges: (1) of transporting explosives in interstate commerce in violation of Section 837(b) without causing personal, injury or death; and (2) of threatening to take the life of or injure the President-Elect of the United States. The maximum penalty of imprisonment for the violation of Section 837 is one year; for the violation of Section 871, five years. Therefore the total maximum penalty of imprisonment for both alleged crimes is six years. Soon the defendant, though presumably innocent, will have spent one half of the maximum term of imprisonment in prison.

At the hearing the petitioner was examined as a witness and at the time demonstrated his competency to be tried by his obvious ability to meet the eight tests of Wieter v. Settle (W.D.Mo.) 193 F.Supp. 318, set forth in the margin of the opinion on petitioner's first petition. Pavlick v. Settle (W.D.Mo.) 203 F.Supp. 42, l. c. 44. Thus it appears that on each occasion petitioner has been before this Court he has demonstrated his competency at the time to be tried. (Psychiatric reports of the Medical Center to the contrary are apparently the result of the application of medical rather than legal standards which application cannot be sustained. Higgins v. McGrath (W.D.Mo.) 98 F.Supp. 670.) No attempt was made by the the the respondent to prove incompetency to stand trial at the time.

The petitioner is not receiving any treatment and has not been receiving any treatment for quite some time. No change for the better can be expected in his mental condition, whatever it may be. There has been no change in his mental condition for at least a year and a half. Therefore there is no substantial possibility that petitioner will be certified as competent to stand trial under the medical standards now being applied by the respondent. So, without reference to the finding that petitioner is dangerous, there does not appear to be any prospect that the petitioner will ever be tried unless the committing Court finds him competent to stand trial.

Furthermore there is no action which has been taken or is being taken to carry

out the order of the committing Court that every reasonable effort be made to have Richard Paul Pavlick committed to the proper authorities of the state of his residence, New Hampshire.

The authorities at the Medical Center are willing to comply with this request and to arrange for hospitalization of petitioner in New Hampshire in a civil commitment state mental hospital, but are prevented from doing so by the refusal of the Criminal Division to dismiss the pending indictments, without which dismissal the arrangements cannot be made.

### Conclusions of Law

If in fact this petitioner is mentally incompetent to be tried and his mental condition will not improve, the order of the Southern District of Florida should be implemented. If he is competent to be tried he has a constitutional right to a speedy trial. Under present conditions he has no prospect for either relief unless either this Court or the District Court for the Southern District of Florida acts, or each acts within its jurisdiction.

Because of a lack of cooperation between federal officers the petitioner is being held in prison indefinitely without trial. The acts of the United States are to be judged in the light of the totality of the combined acts of its separate agents. Here the overall result of the action of the United States is not greatly different, as far as petitioner is concerned, from detention under a *lettre de cachet*.

█ In one aspect this case, and many others, suggests the need for a federal mental hospital facility suitable for civil commitments for cases where the state of residence either cannot or will not provide suitable hospitalization for federal criminal defendants. The use of prisons for the purpose of detaining unconvicted persons without trial for unreasonable periods results in punishment by imprisonment without conviction, a result not to be encouraged, and a result forbidden by the Bill of Rights of the Constitution of the United States.

█ This petitioner must be tried or released to state civil authorities. Any other result may require a finding that the "authority to prosecute has * * * been irretrievably frustrated." Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412.

If the defendant had been arraigned in this Court in his present mental condition he would have been accorded a speedy trial. Of course he may have been in a period of remission on each occasion he appeared in this Court, but such a conclusion is contrary to the finding that his mental condition has not changed for a long time.

The defendant is entitled to a grant of *habeas corpus* providing for his return to the committing Court for further proceedings.

It is ordered that such a writ issue.