**Dale J. TRUDELL, Petitioner,**

v.

**Dr. P. J. CICCONE, Warden, Respondent.**

No. 16126–1.

United States District Court
W. D. Missouri, W. D.

Oct. 21, 1966.

Addendum Nov. 23, 1966.

Dale J. Trudell, pro se.

F. Russell Millin, U. S. Dist. Atty., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

On August 19, 1966, we issued an order to show cause in which we noted that "the committing court has continuing jurisdiction and should be afforded an opportunity to act before definitive action is taken in connection with petitioner's application for habeas corpus filed in this court."

In anticipation of the possibility that petitioner might be returned to the District of Utah under an order of the committing court after the communication between the District Attorney's office in this District and the District Attorney's office in the District of Utah was established, we granted respondent a thirty day period within which to file a response to our order to show cause.

Petitioner has not been returned to the District of Utah. We are advised in a response filed September 19, 1966 that respondent contends that petitioner is being legally held pursuant to an order of the United States District Court of Utah dated June 10, 1966.

A copy of a letter from an Assistant United States Attorney for the District of Utah to the United States Attorney for this district dated September 2, 1966 is attached to respondent's return. That letter states that at some time prior to the entry of the order of June 10, 1966, the committing court "granted our Motion to Dismiss the charges against Mr. Trudell on condition that arrangements could be made for the admission of Trudell to the United States Veterans Administration Hospital in Salt Lake City."

The Assistant United States Attorney for the District of Utah added: "However, such hospital would not accept the defendant so Judge Ritter vacated the Order granting our motion for dismissal and further ordered that the defendant be committed to the custody of the Attorney General under Section 4246 of Title 18, United States Code, so that he might receive the treatment he needed."

Another paragraph of that letter evidences the erroneous idea of the Assistant United States Attorney that Section 4246 somehow provides for the confinement for treatment purposes of mentally ill persons accused of offenses against the United States. He states that "as far as the intent of this office is concerned, we do not feel it appropriate to dismiss the charges yet until he has had an opportunity to receive necessary treatment in the institution to which he is now committed."

And in the closing paragraph of his letter, the Assistant United States Attorney for the District of Utah suggests that "upon reading Trudell's Petition for a Writ of Habeas Corpus, it appears to me that it is clearly unmerited but, of course, that is for you [the United States Attorney for this district] to decide also."

The Assistant United States Attorney for this district at least recognizes that it is the duty of this Court, not some District Attorney, to decide whether petitioner is being lawfully held by the respondent. He contends, however, that the order of June 10, 1966, under which petitioner is purportedly being held "fully complies with the provisions of Sections 4244 and 4246."

The order of June 10, 1966 on its face shows Section 4246 was the section of the United States Code invoked by the United States District Court for Utah. It is well established, however, that no valid commitment may be made under Section 4246 unless an adequate hearing required by Section 4244 shall have been held. Section 4244 expressly provides that:

> If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused [as to be unable to understand the proceedings against him or properly to assist in his own defense], the court *shall* hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto. (Emphasis ours.)

Reference need be made only to the recent Tenth Circuit case of Butler v. United States, 10th Cir. 1966, 361 F.2d 869, to establish that a written report of a psychiatrist may not be relied upon as the sole basis for a Section 4246 commitment and that a full hearing with opportunity to cross-examine the psychiatrist who wrote the report and to present evidence of his own is mandatorily required before a commitment may be made under

Section 4246. Citation of the numerous cases in this district is not now necessary because the implication of Pate v. Robinson, 383 U.S. 375 at 385 and 386, 86 S.Ct. 836, 15 L.Ed.2d 815, is that a full and fair hearing on the question of competency to stand trial is constitutionally required.

The order of June 10, 1966 does not show whether the petitioner was either notified or present at the time the prior order of June 7, 1966 conditionally dismissing the Government's accusation against him was set aside and the attempted commitment pursuant to Section 4246 was made. Nor does the order of June 10, 1966 show that an adequate hearing was held at which petitioner was afforded his right to cross-examine the psychiatrist who filed the report or to call witnesses on his own behalf. Indeed, as we specifically advised the Assistant District Attorney of this district when we issued our order of August 19, 1966, the implication of the factual recitations in the order of June 10, 1966 is that such rights were not afforded the petitioner.

Our order of August 19, 1966 and our instructions to the Assistant United States Attorney for this District were designed to allow ample opportunity for the District Attorney in this District to contact the District Attorney's office in the District of Utah in order that the full factual situation be ascertained and determine whether the hearing required by Section 4244 had or had not been held. The length of time granted for response to our order to show cause contemplated that if the required hearing had not been held, the District Attorney's office in Utah would have time to present an order to Judge Ritter that would return the petitioner back to the committing court for further appropriate proceedings according to law.

In an attempted explanation of why the anticipated procedure was not followed, assuming that the factual inquiry established that no hearing had in fact been held, respondent calls attention to that portion of our order of August 19, 1966

in which we noted that the committing court retains continuing jurisdiction of this matter. The Assistant District Attorney in this district suggests that "no showing is made that petitioner has made any application to the United States District Court for the District of Utah, Central Division, for relief," and contends that "until petitioner shows that the above referred District Court has refused to consider his application, this Court should refrain from exercising its jurisdiction."

This case is to be sharply distinguished on its facts from the not unusual habeas corpus case filed by an inmate of the Springfield Medical Center for Federal Prisoners in which the petitioner prays for what is usually called an "Independent Sanity Examination." Such cases involve factual situations where no substantial attack is made on the Section 4246 commitment order. In those cases it is the usual practice of this Court to require that petitioner exhaust his available remedy by motion filed in the committing court. In such cases this Court does not proceed further until and unless the committing court should fail to require the return of the petitioner to the committing court within a reasonable period of time. See Seelig v. United States, 8th Cir. 1962, 310 F.2d 243; Johnson v. Settle, W.D.Mo.1960, 184 F. Supp. 103; Carmen v. Settle, W.D.Mo. 1962, 209 F.Supp. 64; Barfield v. Settle, W.D.Mo.1962, 209 F.Supp. 143, at 145; Johnson v. Settle, W.D.Mo.1962, 209 F. Supp. 279; Cobb v. Settle, W.D.Mo.1962, 209 F.Supp. 759 and Arco v. Ciccone, W.D.Mo.1965, 252 F.Supp. 347 at 349–350. And see also 35 F.R.D. 459 at 462 and 39 F.R.D. 537 at 545.

That factual distinction was noted in our instructions to the Assistant United States Attorney for this district so that he in turn could communicate with the United States District Attorney for the District of Utah in order that prompt inquiry be made in regard to the factual situation and, if warranted, prompt action taken. Our order of August 19, 1966 and our instructions to the Assist-

ant United States Attorney in this district were not designed to simply save the time of the judge of this Court and the judge of the United States District Court for the District of Utah and the time of the District Attorney's offices in those districts, but were issued and given consistent with the principle that the obligation to establish and administer justice rests equally upon all branches of the United States Government. If any person is being held by the United States under anything other than a lawful order, all persons charged with the duty of administration of the criminal laws of the United States should move with more than deliberate speed.

The failure of the respective offices of the District Attorneys to process this matter the easy way leaves this Court in the dark as to whether or not the hearing required by Section 4246 was in fact held. Accordingly, it is

Ordered that respondent shall on or before November 4, 1966 file an additional response to which shall be attached copies of all pleadings and copies of the transcript of all proceedings held in connection with the petitioner in the United States District Court of Utah. It is

Further ordered that should an appropriate showing be made on or before November 4, 1966 that the respective District Attorney's offices have at long last determined that the required hearing had not in fact been held and that Judge Ritter of the District of Utah has signed an order presented to him requiring the return of the petitioner to the District of Utah, for further proceedings in accordance with law, then, in that event, but only in that event, compliance with the first order will be excused, and petitioner's application for habeas corpus in this court, in that event, will be dismissed as moot.

## ADDENDUM

■ Upon being advised that Judge Ritter had entered an order requiring that the petitioner be returned to the District of Utah at the earliest possible date and that such order had been ex-

ecuted, the above petition for habeas corpus was dismissed without prejudice as moot on November 23, 1966.

The respective Assistant United States Attorneys are commended for their cooperation following our order of October 21, 1966.